**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN D. (a fictitious name),<br><br>    Plaintiff,<br><br>vs.<br><br>ROGER VANDERPOOL, Director of Arizona Department of Public Safety; CITY OF PHOENIX, a Municipality; JOHN LINDENMEIER, Detective, City of Phoenix Police Department,<br><br>    Defendants. | No. CV05-2254-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Defendant Vanderpool's Motion for Judgment on Pleadings to dismiss Defendant Vanderpool pursuant to Federal Rule of Civil Procedure Rule 12(c). Plaintiff failed to file a response to this motion. The court considered Defendant Vanderpool's motion and pleading and now rules as follows.

## STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). In other words, dismissal pursuant to Federal Rule of Civil Procedure 12(c) is inappropriate in circumstances in which, if the facts were

as pleaded, they would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

In considering a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as one pursuant to Rule 56. FED. R. CIV. PRO. 12(c). If the Court treats the motion as having been brought under Rule 56, the Court must give all parties the opportunity to present all material pertinent to such motion. *Id.* However, the Court may consider facts that are contained in materials of which the court may take judicial notice. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

## BACKGROUND

Plaintiff John D. (a fictitious name) is a married man residing in the State of Arizona. Following Plaintiff's conviction for Attempted Sexual Exploitation of a Minor, he was classified as a level II sex offender under Arizona's Registration of Sex Offenders statute, A.R.S. Section 13-3821 *et seq*, requiring community notification of his presence. In the present action, Plaintiff alleges that his classification as a level II sex offender is erroneous, and violates his substantive and procedural due process rights, as well as his right to equal protection of the laws under the United States Constitution. *Pl.'s 1st Am. Compl. ¶¶ 33-38.* Plaintiff seeks injunctive and declaratory relief against City of Phoenix Police Detective John Lindenmeier, the City of Phoenix, and Arizona Department of Public Safety Director Roger Vandenpool. *Id.*

Plaintiff's sex offender assessment was conducted by Defendant Lindenmeier, who classified Plaintiff as a level II sex offender. The City of Phoenix Police Department is the local law enforcement agency responsible for the supervision of Plaintiff. *See* A.R.S. § 13-3825. Pursuant to statute, the City of Phoenix Police Department notified the Arizona Department of Public Safety (DPS) of Plaintiff's status determination. DPS then entered Plaintiff's information into the sex offender profile and notification database. *See id.* DPS's only role in sex offender community notification is collecting data from local law enforcement agencies, entering that data into the sex offender profile and notification

1 database, and posting that information on the Arizona sex offender website.  DPS played
2 no role in the determination of Plaintiff's sex offender level.
3 　　　According to Plaintiff's First Amended Complaint, the DPS sex offender website
4 contained an error, mistakenly identifying Plaintiff's conviction as for sexual exploitation
5 of a minor instead of the actual charge of *attempted* sexual exploitation of a minor.  Since
6 the present action was filed under a fictitious name, DPS was unable to verify the
7 existence of the alleged error.  When Defendant Vanderpool's counsel learned Plaintiff's
8 name at the August 9, 2005 evidentiary hearing, the error on the sex offender website was
9 corrected.  *Def. Vanderpool's Mot. J. Pleadings at 5.*  Because Plaintiff failed to respond
10 to the Motion, the Court accepts as true that this error has now been corrected.

## DISCUSSION

12 　　　Given Arizona's statutory scheme for classifying sex offenders, it is evident that
13 Defendant Vanderpool played no role in the alleged erroneous classification of Plaintiff
14 as a level II sex offender.  *See* A.R.S. § 13-3825.  The only allegation in Plaintiff's First
15 Amended Complaint which pertains to Defendant Vanderpool is contained in paragraph
16 32: "[The DPS Website] erroneously labeled [Plaintiff] as having been convicted of
17 sexual exploitation of a minor, as opposed to attempted sexual exploitation of a minor."
18 The error on the website was corrected within 48 hours of the discovery of Plaintiff's
19 identity.
20 　　　It is evident that the only allegation against Defendant Vanderpool has been
21 addressed and corrected by said Defendant.  Any action for injunctive or declarative relief
22 on this issue is therefore moot. Since Plaintiff's only claims against Defendant
23 Vanderpool are for injunctive and declaratory relief, and accepting all of the allegations in
24 the pleadings as true, Defendant Vanderpool is entitled to judgment as a matter of law.
25 　　/ / /
26 　　/ / /
27 　　/ / /
28 　　/ / /

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant Vanderpool's Rule 12(c) Motion for Judgment on the Pleadings to Dismiss Defendant Vanderpool (Doc. # 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that, there being no just reason for delay, the Clerk of the Court shall dismiss Defendant Vanderpool (only) from this action.

**IT IS FURTHER ORDERED** that Defendant Vanderpool's Motion for Summary Disposition of his Motion for Judgment on the Pleadings (Doc. # 39) is **DENIED AS MOOT**.

DATED this 23rd day of January, 2006.

James A. Teilborg
United States District Judge